IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALBERT SANDHAR,

          Plaintiff,

v.

CSAA FIRE AND CASUALTY
INSURANCE COMPANY,

          Defendant.

Case No. 19-cv-00306-JFH-CDL

## OPINION AND ORDER

Currently before the Court are four Motions in Limine filed by Plaintiff Albert Sandhar ("Mr. Sandhar"). Dkt. No. 67. Defendant CSAA Fire and Casualty Insurance Company ("CSAA") has filed a Response opposing only one of Plaintiff's requests to exclude evidence. Dkt. No. 71.[1] Mr. Sandhar has not filed a reply to CSAA's response, and the time for doing so has now expired. Accordingly, the Motions in Limine are fully briefed, and the Court now turns to the sole question in dispute, namely, whether the Court should exclude evidence of post-litigation payments by CSAA to Mr. Sandhar, including a "no strings attached" payment made on October 6, 2021. For the reasons set forth herein, Mr. Sandhar's motions are GRANTED IN PART with respect to the unopposed motions in limine, and DENIED IN PART with respect to Mr. Sandhar's opposed motion to exclude evidence of post-trial payments by CSAA.

---

[1] CSAA does not object to Mr. Sandhar's request to exclude evidence concerning pretrial motions (Motion in Limine No. 1), nor does CSAA object to the exclusion of evidence concerning the impact of this or any other lawsuit on insurance rates (Motion in Limine No. 2). The parties also appear to agree that, except for the specific payments at issue in Motion in Limine No. 4, this Court should exclude evidence concerning settlement offers and negotiations (Motion in Limine No. 3). Dkt. No. 67 at 3-4; Dkt. No. 71 at 1.

1. **Background**

This action arises out of an August 6, 2017 storm that allegedly caused damages to the roof of Mr. Sandhar's residence. Dkt. No. 2-2 at ¶ 13. Mr. Sandhar submitted a claim to CSAA, his insurer, and CSAA agreed that Mr. Sandhar suffered a loss due to the windstorm. *Id.* at ¶¶ 14-15. CSAA issued a check in the amount of $3,869.09 to compensate Mr. Sandhar for the losses covered by his insurance policy. *Id.* at ¶ 16.

Mr. Sandhar disagreed with CSAA's valuation of his claim. He obtained the services of a licensed roofing contractor, who inspected the roof and provided an estimate for the cost of repairs. The contractor estimated it would cost $19,834.81 to repair the losses incurred by Mr. Sandhar. *Id.* at ¶ 17. When CSAA declined to compensate Mr. Sandhar for the damages set forth in the estimate, Mr. Sandhar initiated this litigation.

CSAA claims it had no obligation to compensate Mr. Sandhar prior to this lawsuit because Mr. Sandhar failed to provide supporting documentation when he submitted the estimate provided by his contractor. Dkt. No. 71 at 2 (asserting that Mr. Sandhar never "provided any documentation regarding the cost of temporary repairs and/or tarping of the house"). CSAA further argues that neither Mr. Sandhar's initial disclosures nor his first supplemental disclosures provided CSAA supporting documentation for Mr. Sandhar's claim. *Id.* at 2-3. According to CSAA, Mr. Sandhar did not rectify this failure until March 30, 2021, when he produced an updated report from his roofer with supporting invoices. *Id.* at 4. Following the receipt of this information and supplemental disclosures specifying the total amount of Mr. Sandhar's damage claim, CSAA issued a check to Mr. Sandhar in the amount of $14,398.88, together with a letter indicating that it would consider compensating Mr. Sandhar for any other unreimbursed expenses related to the replacement of his roof. Dkt. No.71-6.

Mr. Sandhar's breach-of-contract claim has been dismissed.[2]  Consequently, the only question to be addressed in this lawsuit is whether CSAA acted in bad faith when it denied Mr. Sandhar's claim for coverage under the terms of his insurance contract.  Mr. Sandhar submits that CSAA's post-litigation payments have no bearing whatsoever on the question of whether CSAA acted in bad faith at the time his claim was initially denied; he asks the Court to grant his motion in limine and exclude that evidence.  Dkt. No. 67 at 5-6.  CSAA paints a different picture, asserting that it initially denied Mr. Sandhar's claim because he failed to provide supporting documentation for that claim; CSAA maintains it should be allowed to introduce evidence of both the information received from and payments made to Mr. Sandhar, as such evidence would demonstrate that CSAA's decision to pay Mr. Sandhar in October of 2021, rather than at the time of the initial claim, was proper.[3]

**2. Analysis**

A motion in limine is a procedural device by which a litigant seeks to exclude the introduction of certain evidence at trial.  *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 834 F.3d 1236, 1239 (6th Cir. 1983)).  In response to such a motion, a court may, in its discretion, provide an advance ruling as to the challenged evidence to avoid lengthy and disruptive evidentiary challenges during the trial proceedings.  *Mendelsohn v. Sprint/United Management Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008); *see also Jones*, 59 F.3d at 146 (recognizing that the guidance provided in response to a motion in limine is given at the court's

---

[2]  Dkt. No. 44; Dkt. No. 46.

[3]  Dkt. No. 71 at 8. (arguing that "CSAA must be permitted to provide evidence of when and why the payment was made" to permit the jury to "understand why the payment was not made earlier").

discretion). Even when such motions are granted, a court's rulings are preliminary and subject to change. *Jones*, 59 F.3d at 146.

In general, a court will not grant a motion in limine unless the moving party can show the evidence in question will not be admissible on for any purpose at trial. *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (quoting *Cook v. Peters*, No. 13-CV-107-GKF-FHM, 2015 WL 10986407, at *1 (N. D. Okla. July 30, 2015)). Because motions in limine are made in the abstract, it is often appropriate to defer ruling on such motions until trial, when "questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Mendelsohn*, 87 F. Supp. 2d at 1208 (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).

Neither party has referred the Court to any case law directly addressing whether post-litigation payments may be admitted for the purpose proposed by CSAA. CSAA's brief relies primarily upon case law discussing the purpose of Rule 26 of the Federal Rules of Civil Procedure,[4] while Mr. Sandhar refers to cases recognizing that the propriety of an insurer's conduct is generally assessed in light of what was known or knowable at the time the conduct took place. *See Buzzard v. Farmers Ins. Co.*, 1991 OK 127, 824 P.2d 1105, 1109 (recognizing that the insurer's conduct is evaluated at the time performance was requested in the context of a challenge to a jury verdict and evidentiary rulings unrelated to post-litigation payments); *Alsobrook v. Nat'l Travelers Life Ins. Co.*, 1992 OK CIV APP 168, 852 P.2d 768, 770 (addressing a challenge to the trial court's decision to submit the issue of bad faith to a jury).[5] These cases do not address the question of

---

[4] Dkt. No. 71 at 5-7. Notwithstanding the extensive discussion of Rule 26, CSAA concedes that it is "not presently" asking the Court to exclude evidence of Mr. Sandhar's damages. *Id.* at 7.

[5] *See also Buzzard v. McDanel*, 1987 OK 28, 736 P.2d 157, 159 (recognizing, in the context of a writ of prohibition, that an insurer's actions are evaluated based on what was known or knowable at the time performance was refused); *Conti v. Republic Underwriters Ins. Co.*, 1989 OK 128, 782

4

whether an insurer may introduce evidence of a post-litigation payment when defending a claim of bad faith.

Based on the limited information provided in the parties' briefs, the Court concludes that the challenged evidence is relevant to the question of whether CSAA had a legitimate basis for denying Mr. Sandhar's request for relief in 2017. The Federal Rules of Evidence provide that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401. This is not a high bar. *See United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006). To be relevant, the proffered evidence need only have a tendency to "provide the fact-finder with a basis for making some inference, or chain of inferences," about an issue that is necessary to the jury's determination of the case. *United States v. Ballou*, 59 F. Supp. 3d 1038, 1048 (D.N.M. 2014) (citing *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007)). CSAA is defending Mr. Sandhar's bad faith claim on the grounds that Mr. Sandhar failed to provide the documents necessary to support his request for payment; CSAA's willingness to pay Mr. Sandhar upon receipt of the missing documentation tends to make CSAA's defense "more probable" than it would be without that evidence, and is relevant to determining whether the initial denial was based upon a "sham defense." *E.g.*, *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1442 (10th Cir. 1993) (noting the potential for argument that the insurer had "constructed a sham defense to the claim").

Furthermore, the Court concludes that Mr. Sandhar has not satisfied its burden of showing that the challenged evidence is inadmissible under Federal Rule of Evidence 403. *Hellard v. Mid*

---

P.2d 1357, 1362 (addressing the Court's refusal to consider the results of a polygraph test when considering a motion for directed verdict).

*Century Ins. Co.*, 519 F. Supp. 3d 1025, 1028 (N.D. Okla. 2021) (recognizing that the moving party bears the burden of establishing the inadmissibility of challenged evidence). Although Mr. Sandhar asserts he would be prejudiced if the post-litigation payment is introduced or mentioned,[6] he has not identified the type of prejudice that he is likely to suffer if that evidence is admitted. This Court's independent review of cases seeking to exclude similar evidence suggests that it often the payor, rather than the payee, who would normally be prejudiced by the introduction of such evidence. *E.g., Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1365 (10th Cir. 1987) (acknowledging a jury could draw an inference of guilt from the defendant's offers to compromise claims, but concluding the trial court did not abuse is discretion in holding that the risk of prejudice was outweighed by the probative value of the evidence). Mr. Sandhar's bald assertion that the challenged evidence is necessarily prejudicial is not sufficient to justify the exclusion of otherwise-relevant evidence. *See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985) (stating that the "exclusion of relevant evidence under Rule 403 is 'an extraordinary remedy to be used sparingly'") (quoting *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir. 1984) (other citations omitted).[7]

---

[6] Dkt. 67 at 1, 2, 3.

[7] In view of this conclusion, there is no need for the Court to address CSAA's alternative argument that the challenged evidence should be admitted for the purpose of: refuting hypothetical testimony that Mr. Sandhar has not yet been paid; promoting public policy encouraging payment of disputed claims; and preventing double recovery. Dkt. 71 at 8-9.

### 3. Conclusion

Based on the record before it, this Court cannot say that the challenged evidence is "clearly inadmissible on *all* potential grounds" *Tulsa Zoo Mgmt., Inc.*, 2019 WL 1562147, at *1 (quoting *Cook*, 2015 WL 10986407, at *1)). The evidence of the post-litigation payment is relevant to CSAA's argument that it had a reasonable basis for denying Mr. Sandhar's initial claim, and Mr. Sandhar has not established that the prejudice resulting from the admission of the challenged evidence would outweigh its probative value. Because Mr. Sandhar has raised no other objections to the challenged evidence,[8] his motion in limine seeking to exclude evidence of post-litigation payments is denied.

IT IS THEREFORE ORDERED that Mr. Sandhar's Motions in Limine Nos. 1 through 4 [Dkt. No. 67] are GRANTED IN PART as to Mr. Sandhar's unopposed requests to exclude evidence concerning or mention of any pretrial motions (Motion in Limine No. 1), the impact of this or any other lawsuit on insurance rates (Motion in Limine No. 2), settlement offers and negotiations (Motion in Limine No. 3), and DENIED IN PART as to Mr. Sandhar's request to exclude evidence of post-trial payments by CSAA.

DATED this 10th day of March 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[8] Mr. Sandhar does not assert that the challenged evidence is inadmissible under Rule 408 of the Federal Rules of Civil Procedure. Dkt. No. 67 at 4 (raising a Rule 408 objection only in the context of Plaintiff's third motion in limine).